[Counsel listed on Signature Page]

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER and CASEY STANFIELD, on behalf of themselves and all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SANDISK CORPORATION,<br><br>Defendant. | Case No.: 2:14-cv-00719-KJM-CMK<br><br>**STIPULATED PROTECTIVE ORDER** |

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. **DEFINITIONS**

2.1     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7     <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8     <u>House Counsel</u>: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11    <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.      SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.      DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.      DESIGNATING PROTECTED MATERIAL**

5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not

-3-

1   warranted are not swept unjustifiably within the ambit of this Order.

2   If it comes to a Designating Party's attention that information or items that it designated
3   for protection do not qualify for protection at all or do not qualify for the level of protection
4   initially asserted, that Designating Party must promptly notify all other parties that it is
5   withdrawing the mistaken designation.

6   5.2   Manner and Timing of Designations.  Except as otherwise provided in this Order
7   (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,
8   Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so
9   designated before the material is disclosed or produced.

10   Designation in conformity with this Order requires:

11   (a) for information in documentary form (e.g., paper or electronic documents, but
12   excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party
13   affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
14   ONLY" to each page that contains protected material if practical, or if not practical (such as would
15   be the case for electronic files produced in native format), that the Producing Party label the file,
16   folder, media, email transmission, or container containing the documents with the words
17   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." A
18   Receiving Party may not use any copy or other reproduction of Protected Material in this litigation
19   for any purpose unless each page of the copy or other reproduction has been affixed with the
20   appropriate legend that identifies the designation given by the Producing Party.

21   A Party or Non-Party that makes original documents or materials available for inspection
22   need not designate them for protection until after the inspecting Party has indicated which material
23   it would like copied and produced.  During the inspection and before the designation, all of the
24   material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –
25   ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants
26   copied and produced, the Producing Party must determine which documents, or portions thereof,
27   qualify for protection under this Order.  Then, before producing the specified documents, the
28   Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

-4-
STIPULATED PROTECTIVE ORDER
CASE NO. 2:14-cv-00719-KJM-CMK

1 CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected
2 Material.
3             (b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that
4 the Designating Party identify on the record, before the close of the deposition, hearing, or other
5 proceeding, all protected testimony and specify the level of protection being asserted.  When it is
6 impractical to identify separately each portion of testimony that is entitled to protection and it
7 appears that substantial portions of the testimony may qualify for protection, the Designating Party
8 may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right
9 to have up to 21 days to identify the specific portions of the testimony as to which protection is
10 sought and to specify the level of protection being asserted. Only those portions of the testimony
11 that are appropriately designated for protection within the 21 days shall be covered by the
12 provisions of this Stipulated Protective Order.  Alternatively, a Designating Party may specify, at
13 the deposition or up to 21 days afterwards if that period is properly invoked, that the entire
14 transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
15 ATTORNEYS' EYES ONLY."
16     Parties shall give the other parties notice if they reasonably expect a deposition, hearing
17 or other proceeding to include Protected Material so that the other parties can ensure that only
18 authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"
19 (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition
20 shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY
21 CONFIDENTIAL – ATTORNEYS' EYES ONLY."
22     Transcripts containing Protected Material shall have an obvious legend on the title page
23 that the transcript contains Protected Material, and the title page shall be followed by a list of all
24 pages (including line numbers as appropriate) that have been designated as Protected Material
25 and the level of protection being asserted by the Designating Party.  The Designating Party shall
26 inform the court reporter of these requirements.  Any transcript that is prepared before the
27 expiration of a 21-day period for designation shall be treated during that period as if it had been
28 designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless

otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.  A Party or Non-Party that makes tangible items, including hardware or software, available for inspection shall notify the other Party in writing prior to the inspection if such inspection is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If so designated, no copies, pictures, images, printouts, video recordings, drawings, written descriptions, or any other reproductions of or from the inspection shall be made or taken without the agreement of the Producing Party or further order of the Court.

5.3     <u>Inadvertent Failures to Designate</u>.  An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis

1  for each challenge. To avoid ambiguity as to whether a challenge has been made, the written
2  notice must recite that the challenge to confidentiality is being made in accordance with this
3  specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in
4  good faith and must begin the process by conferring directly (in voice to voice dialogue; other
5  forms of communication are not sufficient) within 14 days of the date of service of notice. In
6  conferring, the Challenging Party must explain the basis for its belief that the confidentiality
7  designation was not proper and must give the Designating Party an opportunity to review the
8  designated material, to reconsider the circumstances, and, if no change in designation is offered, to
9  explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage
10 of the challenge process only if it has engaged in this meet and confer process first or establishes
11 that the Designating Party is unwilling to participate in the meet and confer process in a timely
12 manner.

13    6.3    <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court
14 intervention, the Designating Party shall file and serve a motion to retain confidentiality under
15 Local Rule 133 (and in compliance with Local Rule 141, if applicable) within 21 days of the
16 initial notice of challenge or within 14 days of the parties agreeing that the meet and confer
17 process will not resolve their dispute, whichever is earlier.  Each such motion must be
18 accompanied by a competent declaration affirming that the movant has complied with the meet
19 and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to
20 make such a motion including the required declaration within 21 days (or 14 days, if applicable)
21 shall automatically waive the confidentiality designation for each challenged designation. In
22 addition, the Challenging Party may file a motion challenging a confidentiality designation at any
23 time if there is good cause for doing so, including a challenge to the designation of a deposition
24 transcript or any portions thereof.  Any motion brought pursuant to this provision must be
25 accompanied by a competent declaration affirming that the movant has complied with the meet
26 and confer requirements imposed by the preceding paragraph.

27    The burden of persuasion in any such challenge proceeding shall be on the Designating
28 Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose

-7-

unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7. ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  **Protected Material shall not be used for any other purpose.**  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

(c) the court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4 <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u>

(a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in preceding paragraph 7.4(a) may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection shall be made only in good faith and must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Local Rule 133 (and in compliance with Local Rule 141, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the

1  parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and
2  confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal
3  to approve the disclosure.
4      In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden
5  of proving that the risk of harm that the disclosure would entail (under the safeguards proposed)
6  outweighs the Receiving Party's need to disclose the Protected Material to its Expert.
7  8.     **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN**
8  **OTHER LITIGATION**
9      If a Party is served with a subpoena or a court order issued in other litigation that compels
10 disclosure of any information or items designated in this action as "CONFIDENTIAL" or
11 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:
12     (a) promptly notify in writing the Designating Party. Such notification shall include
13 a copy of the subpoena or court order;
14     (b) promptly notify in writing the party who caused the subpoena or order to issue
15 in the other litigation that some or all of the material covered by the subpoena or order is subject to
16 this Protective Order. Such notification shall include a copy of this Stipulated Protective Order;
17 and
18     (c) cooperate with respect to all reasonable procedures sought to be pursued by the
19 Designating Party whose Protected Material may be affected.
20     If the Designating Party timely seeks a protective order, the Party served with the subpoena
21 or court order shall not produce any information designated in this action as "CONFIDENTIAL"
22 or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the
23 court from which the subpoena or order issued, unless the Party has obtained the Designating
24 Party's permission. The Designating Party shall bear the burden and expense of seeking protection
25 in that court of its confidential material – and nothing in these provisions should be construed as
26 authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from
27 another court.
28 9.     **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN**

**THIS LITIGATION**

9.1     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) make the information requested available for inspection by the Non-Party.

9.3     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected

Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). If the parties agree that any particular production will be made without prior privilege review in the interests of efficiency, the inclusion of communications or information covered by the attorney-client privilege or work product protection shall not waive the privilege or protection in this litigation or in any other federal or state proceeding.

## 12. MISCELLANEOUS

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rule 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Local Rule 141, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal

1  pursuant to Local Rule 141(b) is denied by the court, then the Receiving Party may file the

2  Protected Material in the public record unless otherwise instructed by the court.

3  **13.    FINAL DISPOSITION**

4  Within 60 days after the final disposition of this action, as defined in paragraph 4, each

5  Receiving Party must return all Protected Material to the Producing Party or destroy such material.

6  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

7  summaries, and any other format reproducing or capturing any of the Protected Material. Whether

8  the Protected Material is returned or destroyed, the Receiving Party must submit a written

9  certification to the Producing Party (and, if not the same person or entity, to the Designating Party)

10  by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected

11  Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained

12  any copies, abstracts, compilations, summaries or any other format reproducing or capturing any

13  of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival

14  copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

15  correspondence, deposition and trial exhibits, expert reports, attorney work product, and

16  consultant and expert work product, even if such materials contain Protected Material. Any such

17  archival copies that contain or constitute Protected Material remain subject to this Protective Order

18  as set forth in Section 4 (DURATION).

19

20  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

21

22

23

24

25

26

27

28

-14-
STIPULATED PROTECTIVE ORDER
CASE NO. 2:14-cv-00719-KJM-CMK

| | | |
|---|---|---|
| 1 | Dated: October 23, 2014 | SIPRUT PC |
| 2 | | By:  /s/ Joseph J. Siprut |
| 3 | | Todd C. Atkins (208879)<br>tatkins@siprut.com<br>SIPRUT PC |
| 4 | | 701 B Street, Suite 1170<br>San Diego, California 92101 |
| 5 | | 619.255.2380 |

Joseph J. Siprut
jsiprut@siprut.com
Gregg M. Barbakoff
gbarbakoff@siprut.com
Gregory W. Jones
gjones@siprut.com
SIPRUT PC
17 N. State Street, Suite 1600
Chicago, Illinois 60602
312.236.0000
Fax: 312.948.9196

Attorneys for Plaintiffs Heather and Casey Stanfield and the Proposed Putative Classes

Dated: October 23, 2014         WILSON SONSINI GOODRICH & ROSATI
                                Professional Corporation

                                By:  /s/ Rodney G. Strickland, Jr.

Keith E. Eggleton (159842)
Rodney G. Strickland, Jr. (161934)
Anthony J Weibell (238850)
David A. Brown (291269)
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: kegglton@wsgr.com;
rstrickland@wsgr.com; aweibell@wsgr.com;
dabrown@wsgr.com

Attorneys for Defendant
SANDISK CORPORATION

-15-

STIPULATED PROTECTIVE ORDER
CASE NO. 2:14-cv-00719-KJM-CMK

1

2     **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

3

4     Dated:  October 23, 2014

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-16-

STIPULATED PROTECTIVE ORDER
CASE NO. 2:14-cv-00719-KJM-CMK

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on [date] in the case of *Heather Stanfield, et al. v. SanDisk Corporation*, No. 2:14-cv-00719-KJM-CMK. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
          [printed name]

Signature: _____
          [signature]